[619 NYS2d 468]

In the Matter of RICHARD M. HANDEL, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 16, 1994

## APPEARANCES OF COUNSEL

*Margaret C. Callanan,* Buffalo, for petitioner.

*Stephen E. Cavanaugh,* Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by this Court on November 3, 1949, and maintains an office in Williamsville. Petitioner filed a petition charging respondent with acts of professional misconduct arising from his representation of an estate and maintenance of his trust account. Following the appointment of a Referee, the parties executed a stipulation resolving outstanding issues of fact and the Referee made findings based upon the pleadings and the stipulation. Petitioner and respondent move to confirm the report submitted by the Referee.

The Referee found and respondent admits that he commingled his own funds with client funds and that he converted client funds by failing to preserve and identify client funds in his trust account.

We confirm the findings of fact contained in the report of the Referee and conclude that respondent violated the following Disciplinary Rules of the Lawyer's Code of Professional Responsibility, effective September 1, 1990:

DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3 [a] [7])—by engaging in conduct that adversely reflects on his fitness to practice law; and

DR 9-102 (A), (B) (1); (C) (1), (4); and (E) (22 NYCRR 1200.46 [a], [b] [1]; [c] [1], [4]; [e])—by failing to maintain and preserve client funds, by converting client funds, by failing to notify a client of the receipt of funds in which the client had an interest, by failing to pay and deliver funds promptly to a client, and by failing to make trust account withdrawals to a named payee.

We have considered the matters in mitigation presented by respondent, including his previously unblemished record, his practice of law for 44 years, his service to the community in civic organizations, and the fact that no client suffered a monetary loss as a result of respondent's misconduct. We conclude that respondent should be suspended for two years and until the further order of this Court.

PINE, J. P., BALIO, LAWTON, DAVIS and BOEHM, JJ., concur.

Order of suspension entered.