[629 NYS2d 933]

In the Matter of RICHARD C. SOUTHARD, Respondent. GRIEV-
ANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Peti-
tioner.

Fourth Department, July 14, 1995

## APPEARANCES OF COUNSEL

*Vincent L. Scarsella,* Buffalo, for petitioner.

*Stephen E. Cavanaugh,* Buffalo, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on July 10, 1957 and maintains an office in Lockport. Petitioner filed a petition charging respondent with acts of professional misconduct arising from his maintenance of his

real estate escrow account. Respondent submitted an answer admitting certain allegations in the petition and, following the appointment of a Referee, the parties executed a stipulation resolving all outstanding issues of fact.

Petitioner and respondent move to confirm the report submitted by the Referee.

The Referee found and respondent admits that respondent commingled his own funds with client funds; that he failed to maintain, preserve and identify funds belonging to his clients, thereby converting client funds; and that he made trust account withdrawals by checks payable to cash rather than to a named payee.

We confirm the findings of fact contained in the report of the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility, effective September 1, 1990:

DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—by engaging in conduct involving dishonesty;

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—by engaging in conduct that adversely reflects on his fitness to practice law;

DR 9-102 (A) (22 NYCRR 1200.46 [a])—by commingling client funds with his own;

DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1])—by failing to maintain, preserve and identify funds belonging to his clients;

DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4])—by failing promptly to remit to his client as requested the funds of such client in his possession; and

DR 9-102 (E) (22 NYCRR 1200.46 [e])—by making trust account withdrawals by checks made payable to cash rather than to a named payee.

We have considered the matters in mitigation presented by respondent, including that the misconduct occurred during a period when respondent's wife was seriously ill and respondent's new business had collapsed, resulting in lawsuits; that respondent has made restitution; and that respondent had a previously unblemished reputation in the community. We conclude that respondent should be suspended for two years and until further order of this Court (see, Matter of Handel, 205 AD2d 270).

PINE, J. P., LAWTON, WESLEY, BALIO and DAVIS, JJ., concur.

Order of suspension entered.